THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH KASWICK *et al.* Plaintiffs in Error.

*Opinion filed December 16, 1925.*

1. CRIMINAL LAW—*what remark of court in ruling on evidence is not prejudicial.* In a prosecution for robbery with a gun, a remark of the court, in sustaining an objection to testimony as to how the gun came to be in the possession of the defendant, that it was immaterial whether the gun was secured for a lawful purpose if the jury believed from the evidence that it was used for an unlawful purpose, cannot be regarded as an opinion as to the weight of the evidence or merits of the case.

2. SAME—*when an instruction by court in regard to prohibition laws is not prejudicial.* In a prosecution for a robbery committed while the defendants were intoxicated, an instruction by the court stating that it is immaterial to the issues of the case what the constitution and laws of the United States and of the State of Illinois are in respect to the manufacture, sale or having in possession intoxicating liquors, although not necessary to be given, cannot be regarded as prejudicial to the defendants.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

JOHN G. FRIEDMEYER, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, H. E. FULLENWIDER, State's Attorney, and MERRILL F. WEHMHOFF, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

On January 26, 1925, Joseph Winaski, John Kucher and Joseph Kaswick were by the verdict of a jury found guilty of robbery while armed with a deadly weapon, to-wit, a gun. The age of Kaswick was found to be twenty-one years, the age of Kucher twenty-one years and the age of Winaski twenty years. Motions for a new trial and in arrest of judgment were made and overruled, but at the

time the court overruled the motions and rendered judgment Kaswick had disappeared and default was entered against his bond. Winaski and Kucher were sentenced to the penitentiary and have sued out this writ of error.

The alleged crime was committed near the Springfield waterworks, north of the city, at about eleven or twelve o'clock at night. The People proved by Godfrey Biesenthal and Catherine Egan that they were in an automobile in the vicinity of the waterworks the night of October 15, 1924, about eleven or twelve o'clock. They had driven a little way off the main highway and had stopped the car and put out the lights. Another car drove up behind them and stopped. A man both recognized as Kaswick came to their car with a gun and ordered them to put up their hands and get out of the car, which they did. While Kaswick was taking from Biesenthal his watch, Kucher came up and put a gun against Biesenthal's ribs. The watch chain was not easily detached from the vest and Kaswick gave it a jerk. As he did so the gun in his hand was discharged and hit Kucher near the eye. He fell to the ground, screamed, and then Winaski came. Kaswick searched Biesenthal but took nothing except the watch and chain. Winaski, either alone or aided by Kaswick, took Kucher and put him in the car they were driving and drove off. Biesenthal and Catherine Egan testified defendants had guns; that they saw them in their hands. Biesenthal testified defendants left one of the guns on the ground, and he picked it up and gave it to the police officer. Before he left the place he reported the robbery to the engineer at the waterworks and it was reported to the police station. The police went to the home of Winaski, arrested him and brought him to the station. When arrested he had a gun stuck down inside his waistband, under his belt. It was a 22-calibre target pistol. He told the police he, Kaswick and Kucher had been out on the waterworks drive and got mixed up in a hold-up and Kaswick had accidentally shot Kucher in the face. He said he had

thrown the watch out of the car by the fair ground fence along the Peoria road as they were taking Kucher to the hospital. The police officers testified they had brought Kaswick in before Winaski made that statement, and he made it in the presence of Kaswick. Biesenthal brought a gun to the police station the same morning. The police visited the hospital where Kucher was and later arrested him. Biesenthal said his watch was worth ten dollars.

Defendants denied they ever had any intention to rob Biesenthal. They claim that Kaswick had borrowed a 22-calibre target revolver, and the afternoon of October 15 the three of them had been out together, practicing target shooting. After supper the three of them went to Devereaux Heights to get a drink. There they drank home brew and white mule whiskey until they were all intoxicated,— Kaswick very much so and worse than either of the other two. They concluded not to go home in that condition and drove out to the waterworks and up behind the car of Biesenthal and Catherine Egan. Kaswick went up to Biesenthal's car. It was dark and they could not see whether anyone was in the car or not. They saw a woman get out of the car after Kaswick had gone to it, and Kucher got out of his car and went up to get Kaswick to come back. While doing so Kaswick's gun was accidentally discharged and hit Kucher in the face. He fell to the ground, and Winaski then got out of the car, and either he, or he and Kaswick, took Kucher back to their car and then to the hospital. They claimed Kaswick was so drunk he could not walk without staggering and the other two were drunk also. It is claimed by counsel in their defense that they had no thought of committing a robbery; that they merely drove out to the waterworks to sober off before going home; that Kucher and Winaski had nothing whatever to do with assisting in the robbery and did not know that a robbery was being perpetrated until Kucher went to Biesenthal's car to get Kaswick away, and that Kaswick was so drunk he did

not know what he was doing and was incapable of forming any intention to perpetrate a crime.

Defendants proved by several witnesses they had borne a good reputation as peaceable and law-abiding citizens before October 15. That character of proof is frequently important in a doubtful case, but we do not consider this such a case.

It is urged by defendants that the court erred in refusing to admit competent testimony and in making improper remarks in the presence of the jury; that the court erred in giving and refusing instructions; and that the verdict is contrary to the law and the evidence and is the result of passion and prejudice.

The objections to the court's action in refusing to admit testimony are rather of a technical character, as were also the objections to the remarks the court made upon the ruling in the admission of testimony. The chief objection to the court's action in this regard, as we understand it, is, that the defendants offered to prove by a witness that he owned the target pistol and how it came to be in the possession of Kaswick. The court sustained an objection to the testimony, and in doing so we do not think any reversible error was committed. The court said, in sustaining objections to the incompetent testimony, that it was immaterial; that it would make no difference that defendants, or one of them, secured the pistol for a lawful purpose if the jury believed from the evidence that they afterwards used it for an unlawful purpose. We are of opinion there is no merit in the objections to the court's action or remarks in passing on the admissibility of testimony. None of the remarks of the court can fairly be interpreted as expressing any opinion as to the weight of the evidence or the merits of the case.

Complaint is made of the court's ruling in refusing two instructions asked by defendants. One of them told the jury that if Kaswick was so intoxicated at the time of the

commission of the alleged robbery that he was temporarily bereft of reason and wholly unable to entertain any felonious intent, he was incapable of committing the crime and should be found not guilty. The court gave at defendants' request an instruction that if Kaswick was unable, by reason of intoxication, to entertain a felonious intent and was unable. to understand the difference between right and wrong or to realize the consequences of his act he was incapable of committing a crime within the meaning of the law. No error was committed in refusing the instruction complained of.

It is also complained the court erred in refusing an instruction that unless the jury believed beyond a reasonable doubt, from the evidence, that the defendants, acting together, assaulted Biesenthal with intent to intimidate him or put him in fear he would suffer bodily injury or lose his life if he resisted, for the purpose of robbing him, they should find the defendants not guilty. The substance of that instruction was given the jury in the eleventh instruction given on behalf of defendants.

The court instructed the jury, of its own motion, that it is immaterial, so far as the issues of this case are concerned, what the constitution and laws of the United States and the State of Illinois are in respect to the manufacture, sale or having in possession intoxicating liquors. Defendants fail to point out wherein that instruction was prejudicial to them, and while its omission could not be criticised, neither do we think giving it in any way prejudiced defendants.

There is no merit in the contention that the court erred in not keeping the jury together and away from the public until the verdict was returned.

We fail to find any grounds that would justify a reviewing court in reversing the judgment, and it is affirmed.

*Judgment affirmed.*